IN RE GUARDIANSHIP OF LILLIE M. LYON.
NORMA ABELL ET AL., APPELLANTS, V. CLIFTON W. LYON ET AL., APPELLEES.
299 N. W. 322

FILED JULY 18, 1941. No. 31096.

*Thomas E. Dunbar,* for appellants.

*Robert M. Armstrong, contra.*

Heard before PAINE, CARTER and MESSMORE, JJ., and ELDRED and TEWELL, District Judges.

TEWELL, District Judge.

This action was begun in the county court of Nemaha county by Norma Abell and Dale Lyon, hereinafter called "petitioners," for the purpose of securing the appointment of a guardian of the person and estate of Lillie M. Lyon. The petitioners suggested the appointment of John P. McKnight as guardian. Prior to the completion of trial in the county court, Clifton W. Lyon, Edward Ray Lyon, and Charles Buerl Lyon, three sons of said Lillie M. Lyon, hereinafter called "objectors," filed objections to the appointment of said McKnight as guardian, but requested the appointment of said Charles Buerl Lyon as such guardian. Trial in the county court resulted in the appointment of Charles Buerl Lyon as such guardian. An appeal was taken to the district court by petitioners. In the district court Radford W. Lyon and Kenneth G. Lyon, hereinafter called "interveners," filed a petition of intervention, by which said interveners objected to the appointment of said Charles Buerl Lyon as guardian and requested the appointment of said John P. McKnight. Trial in the district court again resulted in the appointment of said Charles Buerl Lyon as guardian. Petitioners have perfected their appeal to this court.

The pleadings and the evidence disclose that Lillie M. Lyon and James W. Lyon, wife and husband, resided on a farm in Nemaha county for several years prior to the death of James W. Lyon, which occurred about March, 1938. Lillie M. and James W. Lyon were the parents of four sons, three

of whom are the objectors named above. The other son, Columbus Lyon, predeceased his father, and at his death he left surviving five children, two of whom are the petitioners above named, two of whom are the interveners above named, and the other of whom is one Ava Lyon. James W. Lyon died intestate when the owner of about 880 acres of land, which was then free of encumbrance. By some method, not shown by the record, the objectors. acquired the interest in said real estate that the five children of their deceased brother, Columbus, inherited from their grandfather. In January, 1939, the three objectors herein, and their mother, Lillie M. Lyon, as sole parties plaintiff, began an action in the district court for Nemaha county against Nina M. Lyon, wife of objector Edward Ray Lyon, and Fairy I. Lyon, wife of objector Charles Buerl Lyon, as sole parties defendant. In this action it was alleged that the objectors and their mother were the sole owners of said real estate and had agreed upon a partition thereof in kind, and that said Nina M. Lyon, defendant in such action, was incompetent to sign any conveyance of any part of such real estate. The petition set forth the terms of the partition agreement. By these terms the three objectors took all of said real estate, each receiving a separate part of about one-third the value of the whole. A small payment in money by one or two of the objectors to the others, and a provision that the three objectors should pay their mother an annuity during her lifetime, payable semiannually in two equal instalments as follows, Edward Ray Lyon $505 a year, Clifton W. Lyon $552.50 a year, and Charles Buerl Lyon $496 a year, supposedly caused each of the objectors to receive a one-third of such land in value. For the purpose of this division the 880 acres of land were valued at $62,140. The annuities taken by the mother were her only compensation for her one-third interest in such real estate and a homestead interest of a life estate in one quarter-section. This partition action resulted in a decree approving a partition of the estate in kind in accordance with the agreement recited in such petition. By the decree payment of the annuity to be paid by

any one of the objectors herein was secured by a first lien on the real estate taken by such objector. About July 24, 1939, Lillie M. Lyon, then 76 years of age, suffered a slight cerebral hemorrhage, and about August 11, 1939, was placed in Green Gables Sanatorium, in Lancaster county, Nebraska, by objectors for care and treatment. On September 2, 1939, petitioners began this action for the appointment of a guardian, and about the same time made application to the district court for Lancaster county for a writ of habeas corpus to obtain the release of their grandmother from such sanatorium. On September 25, 1939, a consent decree was entered in the action for such writ by which Lillie M. Lyon was released to the custody of the objectors, and was then taken to the farm home of objector Clifton W. Lyon, where she had previously resided with such son and her husband, James W. Lyon, for many years. The estate of said Lillie M. Lyon, at the time of the appointment of a guardian, as shown by the inventory filed November 1, 1939, by objector Charles Buerl Lyon after his appointment by the county court as guardian in this action, consisted of a note for $1,000 dated January 10, 1939, due one year after date and made by her son Clifton, a one-third distributive share in the proceeds from the estate of her deceased husband, estimated as having a value of $400, cash on hand in the sum of $1,435.17, chattels of the value of $427 and $1,553.50 past due and owed by objectors upon the annuities above mentioned, a total of $4,815.67.

It will be noted that all of the parties to this action seek the appointment of a guardian. The evidence is ample to sustain a finding that a guardian should be appointed. The question here involved is not that of whether or not a guardian should have been appointed, but rather the question is whether or not Charles Buerl Lyon should have been appointed, under the circumstances above outlined.

No statute of Nebraska is cited that gives preference to any person, spouse, or next of kin of the ward, in the appointment of a guardian, as is the case in the appointment of an administrator of the estate of a person deceased.

No statute of Nebraska, aside from one relating to the appointment of a guardian for one receiving payment from the United States Veterans' Bureau (Comp. St. 1929, ch. 38, art. 4), seems to place any restriction upon what person shall act as a guardian of a minor or incompetent person, other than to provide that a "suitable person" shall be so appointed. Ordinarily one who is indebted to a person for whose person or estate a guardian is sought, or who has interests adverse to those of such person, should not be selected as such guardian, even though such a status does not by statute constitute a legal bar to such an appointment. 28 C. J. 1076. The only indebtedness of Charles Buerl Lyon to his mother is his obligation to pay her the annuity of $496 a year above mentioned. The payment of this is secured by a first lien upon real estate of the value of about $20,000. Subject to statutory restriction, the selection of a guardian is within the sound discretion of the county court, and its selection will not be changed except for abuse of discretion. 25 Am. Jur. 23, sec. 26; 32 C. J. 663. We are unable to say that the county court abused its discretion merely because of the indebtedness of the one appointed guardian, under the circumstances above outlined.

It is urged that it might be, or become, the duty of the guardian of Lillie M. Lyon to maintain proceedings to undo the purported effect of the partition action above mentioned. Such a probability presents a far more serious question than does the indebtedness above discussed. The value of the annuities received by Lillie M. Lyon, to be paid only during her life, when she was in poor health and 76 years of age, appears to be far less than was the value of the interest she held in the real estate affected by the partition action. If she was competent, she had a right to do with her property what she liked. If she was incompetent, the right to maintain such a proceeding will not, in all probability, be barred by lapse of time during her lifetime. The annuities are ample to support her in the manner to which she has been accustomed. The record does not show Charles Buerl Lyon to be a person of bad habits, but affirma-

tively shows him to be honest and industrious. No ill will, or lack of attachment common between a mother and her son, is shown to exist between Charles Buerl Lyon and his mother. He resides near to her residence. In the selection of a guardian, the paramount consideration is the interest of the ward, both as to mental happiness and proper use of his estate. 28 C. J. 1075. While the county court might well have selected as guardian some one to whom the objections urged against Charles Buerl Lyon did not apply, we are not able, from the record as a whole, to say that it abused its discretion.

During the trial in the district court, petitioners filed a written request, by which the trial court was requested to make separate findings of fact and of law. Section 20-1127, Comp. St. 1929, provides as follows:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding, except, generally, for the plaintiff or defendant, unless one of the parties request it, * * * in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law."

A finding upon any specified question of fact or of law was not requested. The court did make a special finding of fact upon a sufficient number of questions of fact to support its decree. Furthermore, upon any material issue, the evidence is not in conflict. While this section of the statute is mandatory, when applicable, a failure by the trial court separately to state findings of fact or conclusions of law is not reversible error, when the record affirmatively shows that such failure worked no injury to appellant. 4 C. J. 1059, and cases cited in footnote. Under the condition of the record in this case, the appellants could not possibly be injured by any failure to make special findings of fact and conclusions of law separately, since the evidence is not in conflict upon any issue necessary to support the trial court's decree. The parties stipulated that John P. Mc-Knight was a suitable person to act as guardian, all parties request and agree that a guardian should be appointed, and

the trial court made a specific finding to the effect that Charles Buerl Lyon was a suitable person to appoint.

For reasons above given, the decree of the trial court is affirmed.

AFFIRMED.